IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO

BANK OF AMERICA, NATIONAL
ASSOCIATION, AS SUCCESSOR BY
MERGER TO LASALLE BANK,
NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE REGISTERED
HOLDERS OF LBUBS COMMERCIAL
MORTGAGE TRUST 2005-C3,
COMMERCIAL MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2005-C3
c/o J.E. ROBERT COMPANIES
1650 Tysons Boulevard, Suite 1600
McLean, VA 22102
          Plaintiff,

v.

No. 2:10 cv 175

JUDGE SMITH

CROSSWOODS COMMONS SHOPPING
CENTER COLUMBUS, OH. LIMITED
PARTNERSHIP
270 Commerce Drive
Rochester, NY 14623
          Defendant.

## COMPLAINT IN MORTGAGE FORECLOSURE

1.    Plaintiff Bank of America, National Association, as successor by merger to LaSalle Bank, National Association, as trustee for the registered holders of LBUBS Commercial Mortgage Trust 2005-C3, Commercial Mortgage Pass-Through Certificates, Series 2005-C3, is the trustee of a REMIC trust having an address at c/o J.E. Robert Companies, 1650 Tysons Boulevard, Suite 1600, McLean, VA 22102. Plaintiff is a national banking association organized under the laws of the United States with its principal place of business at 101 N. Tryon Street, Charlotte, NC 28246.

2. Plaintiff is the successor by assignment to Lehman Brothers Bank, FSB ("Lehman Brothers" or "Original Lender") in connection with the loan at issue in this action, as hereinafter defined.

3. Defendant Crosswoods Commons Shopping Center Columbus, Oh. Limited Partnership ("Borrower") is a Delaware limited partnership with its principal place of business at 270 Commerce Drive, Rochester, NY 14623. Upon information and belief, none of the members of Borrower are citizens of the State of North Carolina.

4. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 as there exists complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

**A. The Loan**

5. On or about April 7, 2005, Lehman Brothers made a loan to Borrower in the amount of $3,695,000.00 (the "Loan") pursuant to the terms and conditions of that certain Promissory Note A (the "Note"). A true and correct copy of the Note is attached hereto and made a part hereof as Exhibit "A".

6. To secure payment of the sums due under the Note, Borrower executed to Lehman Brothers that certain Open-End Mortgage and Security Agreement in the Maximum Amount of $3,925,000.00 (the "Mortgage") dated as of April 7, 2005 and thereby conveyed to it in fee, the land hereinafter described, with the Mortgage, having been first dully acknowledged and the certificate of acknowledgement duly endorsed thereon, recorded on April 18, 2005 in the Recorder's Office of Franklin County, Ohio at Instrument No. 200504180071718. A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit "B".

7. The legal description of the mortgaged premises (the "Mortgaged Premises") is set forth on Exhibit "C" hereto.

8. To further secure payment of the sums due under the Note, Borrower entered into that certain Assignment Of Leases And Rents (the "Lease Assignment") dated as of April 7, 2005 and recorded on April 18, 2005 in the Recorder's Office of Franklin County, Ohio at Instrument No. 200504180071719. A true and correct copy of the Lease Assignment is attached hereto as Exhibit "D".

9. To further secure payment of the sums due under the Note, Borrower provided Lehman Brothers with a security interest in, *inter alia*, the buildings, structures, furniture, fixtures and things on the Mortgaged Premises, together with other items and things more fully identified in certain UCC-1 Financing Statements (the "UCC-1s"). True and correct copies of the UCC-1s are attached hereto as Exhibit "E".

10. Effective May 9, 2005 the Mortgage was assigned to Plaintiff herein pursuant to that certain Assignment of Open-End Mortgage and Security Agreement (hereinafter the "Assignment") (the "Assignment"), recorded on March 24, 2008 in the Recorder's Office of Franklin County, Ohio at Instrument No. 200803240043843. A true and correct copy of the Assignment is attached hereto and made a part hereof as Exhibit "F".

11. Borrower is the real owner of the Mortgaged Premises.

12. The Note, Mortgage, Lease Assignment, UCC-1's and Assignment, together with any and all other documents evidencing the Loan, are sometimes referred to herein as the Loan Documents.

**B.     Borrower's Default under the Loan Documents**

13.     Borrower is in default of its obligations to Plaintiff as a result of its failure to make payments when due of amounts payable on account of the Loan.

14.     Accordingly, Plaintiff has declared the Loan in default in accordance with the terms of the Loan Documents and has accelerated the sums due under the Loan Documents (collectively, the "Indebtedness").

15.     Payment of the balance of the Indebtedness remains due and owing as of the date of the filing of this Complaint.

**C.     The Defendant**

16.     The Borrower is a party herein because it is an obligor and mortgagor under the Loan Documents, and to extinguish any interest that it has or may have in and to the Mortgaged Premises.

17.     Any interest or lien which any defendant herein has, or may claim to have, in or upon the Mortgaged Premises, or any part thereof, is subject and subordinate to the liens of the Mortgage.

WHEREFORE, Plaintiff Bank of America, National Association, as successor by merger to LaSalle Bank, National Association, as trustee for the registered holders of LBUBS Commercial Mortgage Trust 2005-C3, Commercial Mortgage Pass-Through Certificates, Series 2005-C3, hereby demands judgment in its favor and against Defendant, Crosswoods Commons Shopping Center Columbus, Oh. Limited Partnership, as follows:

A.     Foreclosing all right, title, lien and equity of redemption which said defendant and all those claiming by, through or under it has or had in the Mortgaged Premises located at 110-158

Hutchinson Avenue, Columbus, Ohio 43235 and as more fully described on Exhibit "C" and ordering that said property be sold;

B.      Fixing the amount due under the Note and Mortgage as of the date of foreclosure judgment, together with continuing per diem interest thereon at the regular rate and continuing per diem interest thereon at the default rate until the Mortgaged Premises is sold at foreclosure sale, together with any all other amounts advanced by Plaintiff during the pendency of this action, together with attorneys' fees and costs of this action;

C.      Appointing a receiver to operate and manage the Mortgaged Premises during the pendency of this action, and authorizing said receiver to make and conduct a sale of the Mortgaged Premises pursuant to 28 U.S.C. section 2001, et seq.; and

D.      Ordering such other relief as this Honorable Court shall deem appropriate.


/s/ Jeffrey S. Adler
Jeffrey S. Adler, Esquire
Burns, White & Hickton, LLC
ID No. 0032867
Superior Building
815 Superior Avenue East
Suite 1325 #15
Cleveland, OH  44114
216-920-3090


Richard A. O'Halloran, Esquire
Lindsey M. Hoelzle, Esquire
Burns, White & Hickton, LLC
100 Four Falls, Suite 515
1001 Conshohocken State Road
West Conshohocken, PA 19428
Tel: 484-567-5700
raohalloran@bwhllc.com
lmhoelzle@bwhllc.com

5